FILED

2023 Apr-06  PM 03:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARK MOSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **CASE NO.  2:22-CV-01298-NAD** |
| | ) | |
| **BIRMINGHAM-JEFFERSON** | ) | |
| **COUNTY TRANSIT AUTHORITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AMENDED ANSWER OF DEFENDANT BIRMINGHAM-JEFFERSON COUNTY TRANSIT AUTHORITY

COMES NOW the defendant, the Birmingham-Jefferson County Transit Authority (hereinafter "Defendant"), by and through undersigned counsel, and Amends its Answer to the Complaint of plaintiff, Mark Moss (hereinafter "Plaintiff"), as follows:

### I.    JURISDICTION

1.    No response is necessary from this Defendant, however to the extent that this paragraph contains any allegations against the Defendant, said allegations are denied.

### II.   PARTIES

2.    Admitted to the best of the Defendant's knowledge.

3.      The Defendant admits that it is a Municipal-County Public Corporation and governmental entity doing business in the state of Alabama.

## III.    STATEMENT OF FACTS

4.      Defendant admits that the plaintiff was an employee of the Defendant but denies the remaining allegations of this paragraph and demands strict proof thereof.

5.      Admitted.

6.      Admitted.

7.      Defendant admits that the plaintiff was classified as a salaried paid and exempt employee but denies the remaining allegations of this paragraph.

8.      Admitted.

9.      Defendant denies the allegations of this paragraph and demands strict proof thereof.

10.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

11.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

12.     Admitted to the best of Defendant's knowledge.

13.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

14.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

15.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

16.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

17.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

18.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

19.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

20.     The Defendant denies the allegations of this paragraph and demands strict proof thereof.

21.     Admitted.

22.     Admitted.

23.     The Defendant denies the allegations of this paragraph and demands strict proof thereof.

24.     Admitted.

25.    The Defendant denies the allegations of this paragraph and demands strict proof thereof.

26.    Admitted.

27.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

28.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

29.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

30.    Admitted.

31.    Admitted.

32.    Admitted.

33.    Defendant admits that the tasks described in this paragraph could have arisen within the performance of the plaintiff's employment responsibilities but denies the remaining allegations of this paragraph and demands strict proof thereof.

34.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

35.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

36.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

37.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

38.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

39.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

40.     Defendant admits that the plaintiff did not have authority to deviate from the Defendant's established policies and procedures but denies the remaining allegations of this paragraph and demands strict proof thereof.

41.     Admitted.

42.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

43.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

44.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

45.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

46.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

47.     Defendant admits that the plaintiff's employment was terminated, but denies the remaining allegations of this paragraph and demands strict proof thereof.

48.     Defendant admits that the plaintiff's employment was terminated, but denies the remaining allegations of this paragraph and demands strict proof thereof.

## IV.   COUNT ONE–FLSA–OVERTIME VIOLATIONS/ MISCLASSIFICATION

49.      The Defendant hereby adopts and incorporates by reference answers one through three, *Supra,* as if fully set forth herein.

50.     Defendant admits that it is an enterprise engaged in commerce but denies the remaining allegations of this paragraph and demands strict proof thereof.

51.     Admitted.

52.     Admitted.

53.     Defendant admits that it was the employer of the plaintiff but denies the remaining allegations of this paragraph and demands strict proof thereof.

54.     Defendant admits that it was the employer of the plaintiff but denies the remaining allegations of this paragraph and demands strict proof thereof.

55.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

56.     Admitted.

57.     Admitted.

58.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

59.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

## V.     COUNT TWO – FLSA RETALIATION – TERMINATION

60.     The Defendant hereby adopts and incorporates by reference answers one through three, *Supra,* as if fully set forth herein.

61.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

62.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

63.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

64.     Admitted.

65.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

66.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

67.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

68.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plaintiff's Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands and the Plaintiff has failed to do equity.

### FOURTH AFFIRMATIVE DEFENSE

Defendant pleads that its alleged actions and/or inactions are not the proximate cause of the Plaintiff's alleged injuries.

### FIFTH AFFIRMATIVE DEFENSE

Defendant pleads all available doctrines of immunity, including but not limited to absolute immunity, discretionary function immunity, substantive

immunity, qualified immunity, judicial immunity, legislative immunity, and State-agent immunity.

## SIXTH AFFIRMATIVE DEFENSE

Defendant pleads the doctrines of waiver, estoppel, accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads failure to join an indispensable party.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads the Plaintiff lacks standing.

## NINTH AFFIRMATIVE DEFENSE

Defendant pleads the Plaintiff is not entitled to equitable relief.

## TENTH AFFIRMATIVE DEFENSE

Defendant pleads the Plaintiff has no clear right to the relief sought in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant pleads the Plaintiff has failed to show the likelihood of irreparable harm.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant pleads the issuance of an injunction would not serve the public interest and that the harm that would occur to the defendants if an injunction is issued is greater than any harm to the Plaintiff if an injunction is not issued.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted in the form of punitive damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant pleads the following defenses in regard to the Plaintiff's claims for punitive damages:

A.     An award of punitive damages against this defendant would deny this defendant the right to due process under the Fourteenth Amendment of the United States Constitution and the due process clause of Article I, Section 13 of the Alabama Constitution.

B.     Any award of punitive damages against this defendant, which are penal in nature, would violate this defendant's right under the Alabama Constitution of 1901 and the United States Constitution.

C.     Any award of punitive damages against this defendant would not be based on proper standards and jury instructions.

D.      There is no rational relationship between any award of punitive damages against this defendant's alleged conduct.

E.     Any joint and several awards of punitive damages against this defendant would not properly allocate fault specifically to this defendant and would thereby frustrate the penal purpose of punitive damages.

F.     Punitive damages may not be assessed against this defendant based on Alabama Code § 11-47-190 et seq. (1975).

G.     Any award of punitive damages against this defendant would violate the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Alabama Constitution regarding excessive fines.

H.     An award of punitive damages would violate this defendant's rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

I.     This defendant pleads that any award of punitive damages to the Plaintiff in this action would be in violation of the guarantees and safeguards provided to this defendant under the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that the punitive damages are vague and are not directly related to a legitimate government interest.  Furthermore, that an award of punitive damages would be in violation of Article I, Section 6 of the United States Constitution, which provides that no person shall be deprived of life, liberty or property except by due process of law in that punitive damages are vague and are not rationally related to a legitimate governmental interest.

J.     This defendant plead that the Plaintiff's claims for punitive damages are capped and/or barred according to Alabama Code § 6-11-21 et seq. (2008).

## **FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants plead that the Plaintiff failed to mitigate damages.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants aver that the Plaintiff's Complaint fails to state a claim pursuant to §§ 11-93-1 and 11-93-22 and § 11-47-23 of the Alabama Code.

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant pleads that each and every action taken by the defendant was taken in the good faith belief that the same was legal and lawful at the time so taken.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant pleads that the Plaintiff has failed to exhaust her administrative remedies.

## **NINETEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to 29 U.S.C § 203, et seq.

## **TWENTIETH AFFIRMATIVE DEFENSE**

Defendant pleads not guilty.

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant pleads that the Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the doctrine of respondeat superior.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant pleads set-off and recoupment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant asserts that that Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to §11-47-190 of the Alabama Code.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant pleads that the Plaintiff's Complaint fails to meet the heightened pleadings standards required by 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981, et seq.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the Ala. Code §6-11-26 et seq.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to § 11-93-1 et seq., Code of Alabama (1975), as amended.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred by the doctrine of laches.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that some or all of the Plaintiff's claims are barred by the doctrines of collateral estoppel or issue preclusion.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant asserts that some or all of the Plaintiff's claims are barred by the doctrines of res judicata or claim preclusion.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant asserts that some or all of the Plaintiff's claims are barred by the doctrines of consent, justification, estoppel, and/or privilege.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant asserts that the Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 12102, et seq.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant contests each and every item of damages alleged in the Complaint and pleads that the Plaintiff has failed to prove damages.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the 29 U.S.C § 203, et seq. , 29 U.S.C § 215 et seq.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend and supplement this Answer and these Affirmative Defenses as discovery proceeds in this case.  To the extent that any of the allegations in the Plaintiff's Complaint have not been expressly admitted or denied, they are denied and defendant demands strict proof thereof.

Respectfully submitted,


/s/Timothy P. Donahue, Sr.
Timothy P. Donahue, Sr.
*Attorney for Defendant*
**DONAHUE & ASSOCIATES, LLC**
1020 22nd Street South
Birmingham, Alabama 35205
205-871-8858
timdonahue@donahue-associates.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2023, I electronically filed the foregoing with the Clerk of the Court using the AlaFile System which will send notification of such filing to the following:

*Attorney for Plaintiff*
Allen D. Arnold, LLC
6 Office Park Circle, Suite 209
Mountain Brook, AL 35223


/s/ Timothy P. Donahue, Sr.
OF COUNSEL